UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
DAVE DEBONO, BILGUUN GANKHUYAG,
AMALENDU SIKIDAR, and GERARDO                    **COMPLAINT**
TURTULA, individually and on behalf of all
others similarly situated,

                              Plaintiffs,

   -against-

RIVERVIEW RESTAURANT, INC.,
ABDELAZIZ RAOUF, and HASSAN RAOUF,
individually and in their official capacities,

                              Defendants.
------------------------------------------------------------X

Plaintiffs Dave DeBono, Bilguun Gankhuyag, Amalendu Sikidar, and Gerardo Turtula (collectively, "Plaintiffs"), on behalf of themselves and on behalf of all other similarly situated persons, by and through their counsel, Bell Law Group PLLC, as and for their Complaint in this action against Defendants Riverview Restaurant, Inc. ("Riverview"), Abdelaziz Raouf and Hassan Raouf (collectively, "Defendants"), hereby allege as follows:

## NATURE OF THE CLAIMS

1.     Plaintiffs bring this action, on behalf of themselves and on behalf of all other similarly situated persons, to recover for (1) unpaid overtime which Defendants failed to pay in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201, *et seq.* and the New York Labor Law ("NYLL"), §§ 650, *et seq.*; (2) unpaid minimum wage in violation of the FLSA and the NYLL; (3) unpaid spread-of-hours wages under the Hospitality Industry Wage Order, 12 NYCRR § 146-1.6; (4) unpaid uniform maintenance pay under the Hospitality Industry Wage Order, 12 NYCRR § 146-1.7; (5) failure to provide Plaintiff with an accurate wage statement with each payment as required by the NYLL, Section 195; and (6) unjust enrichment.

2.      Plaintiffs' claims under the FLSA are brought as a collective action, pursuant to 29 U.S.C. § 216(b), on behalf of themselves and on behalf of all other similarly situated persons who were/are employed by Defendants as bartenders, servers, and/or other similar positions, who were/are not paid overtime at a rate of one and one-half times their regular rate of pay for all hours worked in excess of 40 hours per workweek for the period of three years prior to the date of the filing of this complaint to the date of the final disposition of this action (the "FLSA Collective Period").  Plaintiffs and all such other similarly situated persons are jointly referred to herein as the "FLSA Collective."

3.      Members of the FLSA Collective are similarly situated because they were all subject to Defendants' common policy and/or practice that resulted in not paying overtime at a rate of one and one-half times their regular rate of pay for all hours worked in excess of 40 hours per workweek during the FLSA Collective Period.

## JURISDICTION AND VENUE

4.      Pursuant to 28 U.S.C. §§ 1331 and 1343, the Court has subject matter jurisdiction over this action because the action involves federal questions regarding the deprivation of Plaintiffs' rights under the FLSA.  Pursuant to 28 U.S.C. § 1367(a), the Court has supplemental jurisdiction over Plaintiffs' related claims under the NYLL.

5.      Pursuant to 28 U.S.C. § 1391(b)(2), venue is proper in this district because it is a judicial district in which at least one of the Defendants resides and a substantial part of the events or omissions giving rise to this action occurred in this district.

6.      Plaintiffs' claims are properly consolidated as a single action because their claims involve the same Defendants, arise from the same nexus of facts and circumstances, and involves nearly identical issues of fact and law.

## PARTIES

7. Plaintiff Dave DeBono is a resident of the State of New York, residing at 30-26 23rd Street, Astoria, New York 11102.

8. Plaintiff Bilguun Gankhuyag is a resident of the State of New York, residing at 93-24 Queens Boulevard, Rego Park, New York 11374.

9. Plaintiff Amalendu Sikidar is a resident of the State of New York, residing at 371 E. 204th Street, Apartment 3B, Bronx, New York 10467.

10. Plaintiff Gerardo Turtula is a resident of the State of New York, residing at 40-11 72nd Street, Woodside, New York 11377.

11. At all relevant times, Plaintiffs were each "employees" of Defendants within the meaning of all applicable statutes.

12. Upon information and belief, Defendant Riverview is a New York corporation with a principal place of business at 2-01 50th Avenue, Long Island City, New York 11101.

13. At all relevant times, Riverview was an "employer" within the meaning of all applicable statutes, and an enterprise engages in commerce as defined by FLSA §§ 203(r) and (s), with annual gross volume business in an amount not less than $500,000.

14. Defendants Abdelaziz Raouf and Hassan Raouf are the owners of Riverview. At all relevant times, Abdelaziz Raouf and Hassan Raouf controlled the operations and determined the policies and practices of Riverview, including, but not limited to, how employees are compensated.

15. Defendants Abdelaziz Raouf and Hassan Raouf were and remain "employers" within the meaning of all applicable statutes.

## FACTUAL ALLEGATIONS

16. Plaintiff DeBono worked for Defendants for approximately four (4) years as a server and then as a manager.

17. Plaintiff DeBono regularly worked between 40 and 52 hours per workweek.

18. At least one (1) day per week, Plaintiff DeBono worked more than ten (10) hours in a day.

19. Plaintiff Gankhuyag worked for Defendants for approximately seven (7) months as a bartender.

20. Plaintiff Gankhuyag regularly worked between 44 and 48 hours per workweek.

21. At least one (1) day per week, Plaintiff DeBono worked more than ten (10) hours in a day.

22. Plaintiff Sikidar worked for Defendants for approximately seven (7) years as a server.

23. Plaintiff Sikidar regularly worked between 62 and 74 hours per workweek.

24. Plaintiff Sikidar typically worked more than ten (10) hours in each workday.

25. Plaintiff Turtula worked for Defendants for approximately eight (8) months as a server.

26. Plaintiff Turtula regularly worked between 62 and 74 hours per workweek.

27. Plaintiff Turtula typically worked more than ten (10) hours in each workday.

28. Plaintiffs were required to wear a uniform consisting of black pants, a red shirt with a company logo, and apron and a hat, which could not be worn as part of Plaintiffs' ordinary wardrobe.

29. The clothing that Plaintiffs were and are required to wear while working for Defendants constitutes a uniform within the meaning of the NYLL.

30. This mandated uniform cannot be cleaned along with Plaintiffs' every-day clothing.

31. Defendants did not wash and/or maintain this uniform for Plaintiffs.

32. Defendants did not reimburse Plaintiffs for the cost of cleaning and maintaining the uniform.

33. Plaintiffs and the FLSA Collective were never paid one and one-half times their regular hourly rate for hours worked over forty (40) in a workweek.

34. Defendants never paid Plaintiffs their statutorily required spread of hours pay for all days in which ten (10) or more hours elapsed between the beginning and end of their workday.

35. Defendants failed to provide Plaintiffs with an accurate statement or notice of their full wages, hours worked, regular rate of pay, overtime rate of pay, or other information required by NYLL § 195.

36. For various and extended periods of time, Defendants failed to pay Plaintiffs and the FLSA Collective any wages at all for hours worked.

37. Defendants knew that the foregoing acts violated the FLSA and the NYLL and would economically injure Plaintiffs and the FLSA Collective.

38. Defendants committed the foregoing acts knowingly, intentionally and willfully.

### FLSA COLLECTIVE ACTION ALLEGATIONS

39. Plaintiffs brings their FLSA claims as a collective action pursuant to the FLSA on behalf of themselves and on behalf of the FLSA Collective.

40. The basic job duties of the FLSA Collective are and were the same as or substantially similar to those of Plaintiffs, and the FLSA Collective are and were paid in the same manner and under the same common policies, plans and practices as Plaintiffs.

41. The FLSA Collective, like Plaintiffs, all have been subject to the same unlawful policies, plans and practices of Defendants, including a failure to pay overtime at a rate of one and one-half times their regular rate of pay for all hours worked in excess of forty (40) hours per workweek.

42. During the FLSA Collective Period, Defendants were fully aware of the duties performed by Plaintiffs and the FLSA Collective, and that those duties were not exempt from the overtime provisions of the FLSA.

43. As a result of Defendants' conduct as alleged herein, Defendants violated 29 U.S.C. § 207.

44. Defendants' violations of the aforementioned statute were willful, repeated, knowing, intentional and without a good faith basis, and significantly damaged Plaintiffs and the FLSA Collective.

45. As a result of Defendants' conduct, Defendants are liable to Plaintiffs and the FLSA Collective for the full amount of their overtime, an additional equal amount in liquidated damages, attorneys' fees and costs incurred by Plaintiffs and the FLSA Collective and pre- and post-judgment interest.

46. The exact number of members of the FLSA Collective is unknown to Plaintiffs at the present time, but upon information and belief, Defendants are in possession of this information.

47. Plaintiffs are currently unaware of the identities of the FLSA Collective. Accordingly, Defendants should be required to provide Plaintiffs with a list of all persons employed by Defendants in similar positions during the FLSA Collective Period, along with their last known addresses, telephone numbers and e-mail addresses so Plaintiffs can give the FLSA Collective notice of this action and an opportunity to make an informed decision about whether or not to participate in it.

### FIRST CAUSE OF ACTION
**(Failure to Pay Overtime in Violation of 29 U.S.C. § 207)**
**As to Plaintiffs and the FLSA Collective**

48. Plaintiffs, on behalf of themselves and the FLSA Collective, hereby repeat and re-allege each and every allegation as contained in each of the preceding paragraphs as if fully set forth and contained herein.

49. The FLSA requires covered employers, such as Defendants, to pay all non-exempt employees at a rate not less than one and one-half times their regular rate of pay for all hours worked in excess of forty (40) hours per workweek. Plaintiffs and the FLSA Collective were not exempt from the requirement that Defendants pay them overtime under the FLSA.

50. During the FLSA Collective Period, Defendants knew that Plaintiffs and the FLSA Collective worked more than forty (40) hours per workweek for Defendants. However, Defendants intentionally did not properly pay them overtime for hours worked in excess of forty (40) per workweek.

51. As a result of Defendants' failure to pay Plaintiffs and the FLSA Collective overtime at a rate of one and one-half times their regular rate of pay for hours worked in excess of forty (40) hours per workweek, Defendants violated the FLSA.

52. The foregoing conduct of Defendants constitutes willful violations of the FLSA.

53.  Defendants' violations of the FLSA have significantly damaged Plaintiffs and the FLSA Collective and entitles them to recover the total amount of their unpaid overtime wages, an additional equal amount in liquidated damages, attorneys' fees and costs and pre- and post-judgment interest.

## SECOND CAUSE OF ACTION
**(Failure to Pay Minimum Wage in Violation of 29 U.S.C. § 206)**
**As to Plaintiffs and the FLSA Collective**

54.  Plaintiffs, on behalf of themselves and the FLSA Collective, hereby repeat and re-allege each and every allegation as contained in each of the preceding paragraphs as if fully set forth and contained herein.

55.  The FLSA requires covered employers, such as Defendants, to pay all non-exempt employees the prevailing minimum wage for all hours worked.

56.  Plaintiffs and the FLSA Collective were not exempt from the requirement that Defendants pay them the prevailing minimum wage for all hours worked under the FLSA.

57.  During the FLSA Collective Period, Defendants did not pay Plaintiffs and the FLSA Collective the prevailing minimum wage for all hours worked for Defendants.

58.  As a result of Defendants' failure to pay Plaintiffs and the FLSA Collective the prevailing minimum wage for all hours worked, Defendants violated the FLSA.

59.  The foregoing conduct of Defendants constitutes willful violations of the FLSA.

60.  Defendants' violations of the FLSA have significantly damaged Plaintiffs and the FLSA Collective and entitle them to recover the total amount of their unpaid minimum wage, an additional amount in liquidated damages, attorneys' fees and costs, and pre- and post-judgment interest.

## THIRD CAUSE OF ACTION
**(Failure to Pay Overtime in Violation of NYLL §§ 650, *et seq.* and 12 N.Y.C.R.R. § 142-2.2)**

61. Plaintiffs hereby repeat and re-allege each and every allegation as contained in each of the preceding paragraphs as if fully set forth and contained herein.

62. NYLL §§ 650, *et seq.* and 12 N.Y.C.R.R. § 142-2.2 require covered employers, such as Defendants, to pay all non-exempt employees at a rate not less than one and one-half times their regular rate of pay for all hours worked in excess of forty (40) hours per workweek in the manner and methods provided in the FLSA.

63. Plaintiffs were not exempt from the requirement that Defendants pay them overtime under the NYLL and/or its regulations.

64. Defendants knew that Plaintiffs worked more than forty (40) hours per workweek for Defendants. However, Defendants intentionally did not properly pay her them overtime for hours worked in excess of forty (40) per workweek.

65. As a result of Defendants' failure to pay Plaintiffs overtime at a rate of one and one-half times their regular rate of pay for hours worked in excess of forty (40) hours per workweek, Defendants violated the NYLL and its regulations.

66. The foregoing conduct of Defendants constitutes willful violations of the NYLL and its regulations.

67. Defendants' violations of the NYLL have significantly damaged Plaintiffs and entitles them to recover the total amount of their unpaid overtime wages, an additional equal amount in liquidated damages, attorneys' fees and costs and pre- and post-judgment interest.

## FOURTH CAUSE OF ACTION
**(Failure to Pay Minimum Wage in Violation of NYLL §§ 650 *et seq.*)**

68. Plaintiffs hereby repeat and re-allege each and every allegation as contained in each of the preceding paragraphs as if fully set forth and contained herein.

69. The NYLL requires covered employers, such as Defendants, to pay all non-exempt employees the prevailing minimum wage for all hours worked.

70. Plaintiffs were not exempt from the requirement that Defendants pay them the prevailing minimum wage for all hours worked under the NYLL.

71. At all relevant times, Defendants did not pay Plaintiffs the prevailing minimum wage for all hours worked for Defendants.

72. As a result of Defendants' failure to pay Plaintiffs the prevailing minimum wage for all hours worked, Defendants violated the NYLL.

73. The foregoing conduct of Defendants constitutes willful violations of the NYLL.

74. Defendants' violations of the NYLL have significantly damaged Plaintiffs and entitle them to recover the total amount of their unpaid minimum wage, an additional amount in liquidated damages, attorneys' fees and costs, and pre- and post-judgment interest.

## FIFTH CAUSE OF ACTION
**(Failure to Pay Spread of Hours Wages under
NYLL §§ 650 *et seq.* and 12 N.Y.C.R.R. § 137-1.7)**

75. Plaintiffs hereby repeat and re-allege each and every allegation as contained in each of the preceding paragraphs as if fully set forth and contained herein.

76. The NYLL and its regulations require covered employers, such as Defendants, to pay all non-exempt employees one additional hour's pay at the minimum wage for each day the employee's shift(s) cover more than ten (10) hours in a day.

77. Plaintiffs were not exempt from the requirement that Defendants pay them spread of hours wages.

78. At all relevant times, Defendants failed to pay Plaintiffs one additional hour's pay at the minimum wage for each day Plaintiffs' shift(s) covered more than ten (10) hours in a day in violation of NYLL §§ 650 *et seq.* and 12 N.Y.C.R.R. § 137-1.7.

79. As a result of Defendants' failure to pay spread of hours wages, Defendants violated the NYLL and/or its regulations.

80. The foregoing conduct of Defendants constitutes willful violations of the NYLL and/or its regulations.

81. Defendants' violations of the NYLL and/or its regulations have significantly damaged Plaintiffs and entitle them to recover the total amount of their unpaid spread of hours wages, an additional amount in liquidated damages, attorneys' fees and costs, and pre- and post-judgment interest.

## SIXTH CAUSE OF ACTION
**(NYLL Uniform Maintenance Violations)**

82. Plaintiffs hereby repeat and re-allege each and every allegation as contained in each of the preceding paragraphs as if fully set forth and contained herein.

83. At all relevant times, Defendants required Plaintiffs to wear uniforms as they are defined by 12 N.Y.C.R.R. § 146-3.10.

84. At all relevant times, Defendants required Plaintiffs to clean and maintain their uniforms at their own expense in violation of the NYLL, including, but not limited to, 12 N.Y.C.R.R. § 146-1.7.

85. As a result of Defendants' failure to reimburse Plaintiffs for the costs of cleaning and maintaining their uniforms, Defendants violated the NYLL and/or its regulations.

86. The foregoing conduct of Defendants constitutes willful violations of the NYLL and/or its regulations.

87. Defendants' violations of the NYLL and/or its regulations have significantly damaged Plaintiffs and entitle them to recover the required uniform maintenance reimbursement, an additional amount in liquidated damages, attorneys' fees and costs, and pre- and post-judgment interest.

### SEVENTH CAUSE OF ACTION
### (Failure to Provide Accurate Wage Statements in Violation of NYLL § 195)

88. Plaintiffs hereby repeat and re-allege each and every allegation as contained in each of the preceding paragraphs as if fully set forth and contained herein.

89. NYLL § 195 requires covered employers, such as Defendants, to furnish accurate wage statements to their employees with every payment of wages.

90. Plaintiffs were not exempt from this requirement.

91. Defendants failed to furnish accurate wage statements to Plaintiffs in violation of NYLL § 195 by, *inter alia*, failing to provide Plaintiffs with accurate statements of their full wages, hours worked, regular rate of pay, overtime rate of pay or other information required by NYLL § 195.

92. The foregoing conduct of Defendants constitutes willful violations of the NYLL and/or its regulations.

93. Defendants' violations of the NYLL have significantly damaged Plaintiffs and entitle them to recover damages of $250 for each day that such violations occurred, up to a total of $5,000 each, an additional equal amount in liquidated damages, attorneys' fees and costs, and pre- and post-judgment interest.

## EIGHTH CAUSE OF ACTION
### (Unjust Enrichment)

94.     Plaintiffs hereby repeat and re-allege each and every allegation as contained in each of the preceding paragraphs as if fully set forth and contained herein.

95.     As a result of the unlawful conduct described above, Defendants have been and will continue to be unjustly enriched by receiving the value and benefit of work from Plaintiffs and the FLSA Collective without paying them proper wages.

96.     Defendants have benefitted from their unlawful acts at the expense of Plaintiffs and the FLSA Collective and it would be inequitable for Defendants to be permitted to retain any of the ill-gotten gains.

97.     Plaintiffs and the FLSA Collective are entitled to the amount of Defendants' ill-gotten gains resulting from its unlawful, unjust, and inequitable conduct in an amount to be determined at trial.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs, on behalf of themselves and the FLSA Collective, respectfully request that this Court:

A.     Declare that the practices complained of herein are unlawful under applicable federal and state law;

B.     Declare this action to be maintainable as a collective action pursuant to 29 U.S.C. § 216, and direct Defendants to provide Plaintiffs with a list of all persons who were/are employed by Defendants in similar positions to Plaintiffs during the FLSA Collective Period, including all last known addresses, telephone numbers and e-mail addresses of each such person so Plaintiffs can give such persons notice of this action and an opportunity to make an informed decision about whether to participate in it;

      C.      Designate Plaintiffs as representatives of the FLSA Collective;

      D.      Determine the damages sustained by Plaintiffs and the FLSA Collective as a result of Defendants' violations of the FLSA, and award those damages against Defendants and in favor of Plaintiffs and the FLSA Collective, an additional equal amount in liquidated damages, attorneys' fees and costs and such pre- and post-judgment interest as may be allowed by law;

      E.      Determine the damages sustained by Plaintiffs as a result of Defendants' violations of the NYLL, and award those damages against Defendants and in favor of Plaintiffs, an additional equal amount in liquidated damages, attorneys' fees and costs and pre- and post-judgment interest at the statutory rate of 9% per annum;

      F.      Enjoin Defendants from engaging in any acts of illegal retaliation; and

      G.      Grant Plaintiff and the FLSA Collective such other and further relief as the Court deems just and proper.

## **JURY DEMAND**

Plaintiffs, on behalf of themselves and the FLSA Collective, hereby demand a trial by jury on all issues of fact and damages.

Dated: July 5, 2017
      Garden City, New York

                              Respectfully submitted,

                              BELL LAW GROUP, PLLC

                              By: _____/s/_____
                                    Brian A. Bodansky, Esq.
                                    100 Quentin Roosevelt Boulevard
                                    Suite 208
                                    Garden City, NY 11530
                                    Tel: 516.280.3008
                                    Fax: 212.656.1845
                                    bb@belllg.com
                                    *Attorneys for Plaintiffs*