

T (516) 280-3008
F (212) 656-1845
www.BellLG.com

April 1, 2019

**VIA ECF**

Magistrate Judge Cheryl L. Pollak
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

> **Re:    Dave DeBono, et al v. Riverview Restaurant, Inc., et al**
> **Index No. 17-CV-3995 (RJD)(CLP)**

Dear Judge Pollak:

This firm represents Plaintiffs Dave DeBono, Bilguun Gankhuyag, Amalendu Sikidar and Gerardo Turtula ("Plaintiffs") in the above-referenced matter. Plaintiffs write jointly with Defendants Riverview Restaurant, Inc., Abdelaziz Raouf and Hassan Raouf ("Defendants") (collectively, the "Parties") to request that the Court approve the settlement agreement ("the Agreement") reached by the parties herein as "fair and reasonable." Wolinsky v. Scholastic, Inc., 900 F. Supp. 2d 332, 335-36 (S.D.N.Y. 2012).

Plaintiffs have agreed to settle all of their claims in this action. Specifically, the Parties and their counsel have considered that the interests of all concerned are best served by compromise, settlement and dismissal of these claims with prejudice, in exchange for consideration as set forth in the Agreement. The Agreement is the result of arms-length bargaining between the Parties and a settlement conference before Your Honor. The Agreement reflects a desire by the Parties to fully and finally settle and compromise all of Plaintiffs' claims asserted in this case as outlined more specifically in the attached Agreement. See Ex. A.

The Parties have concluded that the Agreement is fair, reasonable, adequate, and in the Parties' mutual best interests. For these reasons and based on the reasons set forth below, the Parties jointly and respectfully request that that Court enter an Order approving the settlement as fair and reasonable.

1



T (516) 280-3008
F (212) 656-1845
www.BellLG.com

**I.    Statement of the Case**

This is an action for money damages brought by Plaintiffs.  On July 6, 2017, Plaintiffs filed a Complaint in this action, alleging violations of the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* (the "FLSA"), violations of the New York Labor Law §§ 190 *et seq.* and 650 *et seq.* (the "NYLL"), and unjust enrichment under New York state common law.  Specifically, Plaintiffs were employed by Defendants as waiters, bartenders and other similar positions.  Plaintiffs alleged Defendants engaged in a variety of FLSA and NYLL violations, including failure to pay appropriate minimum wages, overtime wages, pay spread of hours wages, and violations of the notice and statement requirements of the New York Labor Law ("NYLL") (N.Y. Lab. Law. § 195).

Defendants denied the allegations.

**II.    The Proposed Settlement is Fair and Reasonable**

Under Lynn's Food, a court may approve a settlement where it "reflects a 'reasonable compromise of disputed issues [rather] than a mere waiver of statutory rights brought about by an employer's overreaching.'" Le v. Sita Information Networking Computing USA, Inc., No. 07 Civ. 0086, 2008 U.S. Dist. LEXIS 46174 at *2 (E.D.N.Y. June 12, 2008) (quoting Lynn's Food Stores, Inc. v. United States, 679 F.2d 1350, 1354 (11th Cir. 1982)); see also Kopera v. Home Depot U.S.A., Inc., No. 09 Civ. 8337, 2011 U.S. Dist. LEXIS 71816, at *2 (S.D.N.Y. June 24, 2011) ("If the proposed settlement reflects a reasonable compromise over contested issues, the settlement should be approved.").

Having conferred with Defendants, it became clear that there were sharply contested factual and legal disputes regarding Plaintiffs' claims.  Significantly, Defendants vigorously contested Plaintiffs' hours worked as well as the amount of money they alleged they were not paid.  Moreover, Defendant Riverview Restaurant has since gone out of business, making collection a difficult proposition should Plaintiffs proceed to trial.  Looked at as a whole, these contested issues as well as the issues of collectability demonstrate that settlement was a reasonable path forward for all parties in this action.

Considering the risks in this case outlined above, discussed supra, Plaintiffs believe that this settlement is a good result for them, and it should be approved as a fair settlement.  See Meigel v. Flowers of the World, NYC, Inc., 2012 U.S. Dist. LEXIS 2359, at *2-3 (S.D.N.Y. Jan. 9, 2012) ("Typically, courts regard the adversarial nature of a litigated FLSA case to be an adequate indicator of the fairness of the settlement. If the proposed settlement reflects a reasonable compromise over contested issues, the court should approve the settlement."). Courts in this Circuit have generally recognized a "strong presumption in favor of finding a settlement fair as the Court is generally not in as good a position as the parties to determine the



T (516) 280-3008
F (212) 656-1845
www.BellLG.com

reasonableness of an FLSA settlement." Lliguichuzhca v. Cinema 60, LLC, 948 F. Supp. 2d 362, 365 (S.D.N.Y. 2013) (internal quotations omitted). Moreover, courts frequently approve settlements which were the result of mediation or settlement conference before the Magistrate Judge determining the reasonableness of the settlement. See, e.g., id.; see also Singh v. Zoria Hous. LLC, No. 16 Civ. 2901 (SJ)(RER), 2017 U.S. Dist. LEXIS 166548, at *1 (E.D.N.Y. Oct. 4, 2017) (approving FLSA settlement where Magistrate Judge "presided over pretrial proceedings and conducted the settlement conference . . . ."). Here, settlement was reached following an extensive settlement conference before Your Honor, and Your Honor has also presided over all pretrial proceedings to this point. Accordingly, the settlement should be deemed fair and reasonable.

**III.    Plaintiff's Attorneys' Fees are Fair and Reasonable**

Under the settlement, and in accordance with their retainer agreements with Plaintiffs, Plaintiffs' counsel will receive one third of the total settlement amount.

The amount provided to Plaintiffs' counsel under the settlement is fair and reasonable and well within the range of fees typically awarded in cases in this Circuit. See Castaneda v. My Belly's Playlist LLC, No. 15 Civ. 1324 (JCF) (S.D.N.Y. Aug. 17, 2015) (awarding the plaintiffs' attorneys a contingency fee of one-third to account for risks in litigation); see also Calle v. Elite Specialty Coatings Plus, Inc., 2014 U.S. Dist. LEXIS 164069 at *9 (E.D.N.Y. Nov. 19, 2014) ("A one-third contingency fee is a commonly accepted fee in this Circuit."). In light of the nature of the issues herein, the number of hours expended in this action, and the negotiations necessary to reach the agreed-upon settlement, Plaintiffs' counsel's requested award is reasonable. See Alleyne v. Time Moving & Storage Inc., 264 F.R.D. at 60; see also McDaniel v. Cnty. of Schenectady, 595 F.3d 411, 417 (2d Cir. 2010). Additionally, Plaintiffs have already agreed to the fee provided for in the settlement.

Given Plaintiffs' counsel's significant experience representing plaintiffs in New York in wage and hour litigation, Plaintiffs' counsel was able to obtain an excellent result. A brief biography of the attorney who performed substantial work in this matter is as follows:

> Brian Bodansky has been in practice since 2013 and was employed as a mid-level associate with the law firm of Bell Law Group, PLLC from 2016 through February, 2019. Throughout Mr. Bodansky's career, he has worked primarily on plaintiff-side employment litigation, with a focus on wage and hour issues. He has handled numerous wage and hour and discrimination disputes, the vast majority of which have resulted in settlement, and has co-counseled a trial regarding FLSA and NYLL claims in the Eastern District of New York.

3

# BELL LAW GROUP
### PLLC

T (516) 280-3008
F (212) 656-1845
www.BellLG.com

Should Your Honor have any questions or concerns regarding this settlement, the Parties are happy to address them. The Parties thank the Court for its attention to this matter.

Respectfully submitted,

BELL LAW GROUP, PLLC

/s/

Darryn Solotoff, Esq.
Attorneys for Plaintiff
100 Quentin Roosevelt Blvd.
Suite 208
Garden City, NY 11530
Tel: 516-280-3008
Fax: 516-706-4692
ds@belllg.com

4